# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENDA FOX, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-CV-568-SMY-MAB |
| P.A.M. TRANSPORT, INC. and ABDELALI BARAZZOUK, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Plaintiff Brenda Fox's Motion to Remand (Doc. 6). Defendant filed a response (Doc. 10). For the following reasons, the Motion is **GRANTED**.

### Background

Fox originally filed her Complaint in state court alleging that she was injured when a truck driven by Defendant Abdelali Barazzouk struck her vehicle on Illinois State Route 203 in Madison County, Illinois on July 23, 2018 (Doc. 1-1, pp. 3-8). Barazzouk was working for Defendant P.A.M. Transport, Inc. at the time of the accident. Fox alleges that she suffered severe, permanent, and disabling injuries as a result of the accident and that she will continue to suffer in the future. She also alleges that she lost past wages and will have future lost wages. In her Complaint, she specifically requests damages between $50,000 and $75,000 from each defendant, jointly and severally, plus costs of suit. Defendants removed the case to this Court pursuant to diversity jurisdiction.

Attached to the Notice of Removal is a January 4, 2019 letter from Plaintiff's counsel detailing the damages she seeks against Defendants. Specifically, she demanded $60,000 to settle

the claim and indicated that she had incurred medical bills and lost wages in the amount of $23,028.68 (Doc. 1-2, pp. 2-3). Defendants counteroffered Plaintiff $10,000 on April 18, 2019 (Doc. 6-2). Defendants contend that Plaintiff's actual damages plus damages for pain, suffering, and "severe, permanent, and disabling injuries" easily meets the $75,000 jurisdictional threshold amount.

## Discussion

"Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute is construed narrowly, and any doubts concerning removal are to be resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2s 908, 911 (7th Cir. 1993).

Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000, exclusive of interests and costs. 28 U.S.C. § 1332; *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir.2014). The removing party bears the burden of describing how the controversy exceeds the minimum amount required. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The notice of removal need only contain a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens* 135 S.Ct. 547, 553-554 (2014). However, if the plaintiff contests the defendant's allegation regarding the jurisdictional amount, the defendant must prove those jurisdictional facts by a preponderance of the evidence. *See Id*; *Bloomberg v. Service Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011).

Defendants argue that Plaintiff "stands to recover" more than $75,000 when her actual damages include medical bills and damages related to pain and suffering and permanent injuries. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-542 (7thCir. 2006). Their proof is based exclusively on Plaintiff's pre-suit demand of $60,000 and the allegations in the Complaint. Defendants contend that like the court in *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816-7 (7th Cir. 2006), this Court can find that Plaintiff's $60,000 demand necessarily means this case is potentially worth more. *Rising-Moore* however is easily distinguishable. In that case, the plaintiff's pre-removal demand was in excess of $160,000. It was not until the litigation was at summary judgment stage that the plaintiff agreed to settle for $60,000. Here, Plaintiff's pre-litigation demand was $60,000 and Defendants valued her claim at only $10,000. As set forth in *Rising-Moore*, it is the pre-removal valuation of the case that counts, not the eventual value of the case post-removal. As such, Defendants have failed to meet their burden to establish the threshold jurisdictional amount, and this Court lacks subject matter jurisdiction.

## **Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 6) is **GRANTED.** This case is **REMANDED** to the Circuit Court for Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED: November 5, 2019**

**STACI M. YANDLE**
**United States District Judge**